IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40668
Summary Calendar
_____


JACKIE DON GARDNER,

Plaintiff-Appellant,

versus

BERNARD MALONE; DANNY PHILLIPS
and B. J. McCOY,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Eastern District of Texas
(3:94-CV-25)
_____

February 9, 1996

Before REAVLEY, SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

Jackie Don Gardner, proceeding *pro se* and *in forma pauperis*,
brought two § 1983 actions against Lamar County Jail medical
clerk Bernard Malone, Lamar County Jail "head jailer" Danny
Phillips, and Lamar County sheriff B.J. McCoy ("Defendants").
Gardner had been brought to the Lamar County Jail for violating
his parole.  While there Gardner alleged he was denied medical
care in violation of the Eighth Amendment and was denied access

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

to the courts in violation of the First and Fourteenth Amendments. The district court granted summary judgment for the defendants, and then denied Gardner's postjudgment "Motion for Reconsideration of Summary Judgment." Gardner now appeals. Because summary judgment was appropriate and because the district court did not abuse its discretion in denying Gardner's motion, we affirm.

**BACKGROUND**

Gardner arrived at the Lamar County Jail as a parole violator with a right arm amputation and a prosthetic arm. On February 16, 1994, Gardner developed a knot on his stump and put in a sick call request. Gardner asserts he was denied medical attention for 37 days for the knot on his stump.

Gardner asked to go to the law library to find out what he could do about this delay, but was told he did not have any case pending and did not need access to a law library. On May 11, 1994, Gardner then filed his first suit under 42 U.S.C. § 1983 asserting a denial of access to a law library and deliberately indifferent medical care.

On May 7, 1994, jail officials confiscated Gardner's prosthetic arm after a fight broke out at the jail. Gardner asked that his stump be wrapped, and a Dr. Work ordered his stump wrapped two days later. Gardner's stump was wrapped three times in the next week. Gardner, asserting it should have been wrapped every day, again asked for access to a law library and was again refused. On June 7, 1994 Gardner filed a second § 1983 suit

2

asserting inadequate medical care in not having his stump wrapped daily and denial of access to a law library. The district court consolidated the two complaints and referred the cases to a magistrate.

The defendants filed a motion for summary judgment, asserting the defense of qualified immunity. The magistrate judge recommended that the motion be granted after determining that the defendants had not been deliberately indifferent to Gardner's serious medical needs and that Gardner had not demonstrated prejudice from the denial of access to a law library. By order entered April 28, 1995, the district court adopted the report and recommendation of the magistrate, granted the defendants' motion for summary judgment, and dismissed Gardner's claims with prejudice.

Gardner filed a "Motion for Reconsideration of Summary Judgment" on May 22, 1995, reasserting his previous claims and adding allegations of retaliation by jail officials for exercising his right of access to the courts. The district court initially ordered a hearing on the motion, but on reconsideration vacated that order and denied Gardner's motion. Gardner now appeals.

**DISCUSSION**

We treat Gardner's motion for reconsideration as a Rule 60(b) motion because it was filed more than ten days after the entry of judgment. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 114 S. Ct.

3

171 (1993).  We review the district court's decision denying the motion for abuse of discretion.  *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1345 (5th Cir. 1992).  We review summary judgment *de novo*.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992).

Denial of Adequate Medical Care

Gardner contends on appeal (and contended in his motion for reconsideration) that the Lamar County Jail had no provisions for handicapped prisoners, such as safety rails, controlled access to showers, and non-skid floors, thus causing him to fall in the shower, and that he received inadequate medical care for the injury to his stump caused by his fall.  He claims that the jail failed to abide by the standards established under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, and that this failure constituted cruel and unusual punishment under the Eighth Amendment.  He also claims that his jailers and inmates ridiculed and abused him due to his handicapped status.

These claims were raised for the first time in the motion for reconsideration, however.  In his initial complaint, Gardner only alleged that he had been denied medical care for thirty-seven days for a "large knot" that had formed on his stump and requested that "medical treatment [be] easier to get."  In his supplemental complaint, Gardner alleged that his prosthetic arm had been taken from him, that his stump was not being wrapped daily as ordered by a doctor (but was instead wrapped only every

4

third or fourth day), that he had not been moved from the floor to a bottom bunk as a doctor had ordered, and that he had been denied medical treatment in February and March of 1994.

This court need not consider arguments that were raised for the first time in a postjudgment motion. *Hanchey v. Energas Co.*, 925 F.2d 96, 99 (5th Cir. 1990); *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1030 (5th Cir. 1982), *cert. denied*, 464 U.S. 818 (1983). An issue not properly preserved for appeal will not be considered unless it is a purely legal one and the error is so obvious that failure to consider it would result in a miscarriage of justice. *Fehlhaber*, 686 F.2d at 1030. Here the issues are factridden.

Nor can we say that the district court abused its discretion when it denied Gardner's postjudgment motion without holding a *Spears* hearing on his new allegations. Gardner had ample opportunity to raise these claims earlier in the proceedings.

As for his original claims, Gardner must prove that officials acted with deliberate indifference to Gardner's serious medical needs. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). The medical records submitted by the defendants demonstrate that Gardner received medical care for all his various medical complaints. The medical records demonstrate that his stump was monitored by two different doctors and that Gardner received antibiotics and treatment for the condition from the time he first complained of the knot.

Gardner's complaint that officer Malone wrapped the stump only every three days rather than every day does not demonstrate

5

deliberate indifference to a serious medical need.  The doctor prescribed wrapping with an ace bandage.  Malone did so.  Gardner complained about Malone's technique and Malone was given instruction by the doctor.  The defendants are entitled to summary judgment on Gardner's medical care claims.

Denial of Access to a Law Library

Prisoners have a constitutional right of access to the courts, and that access must be adequate, effective, and meaningful.  *Bounds v. Smith*, 430 U.S. 817 (1977).  Access to the courts is protected by the First Amendment right to petition for redress of grievances and the Fourteenth Amendment guarantees of procedural and substantive due process.  *Jackson v. Procunier*, 789 F.2d 307, 310-11 (5th Cir. 1986).  This right can be satisfied through appointed counsel, access to a law library, or access to legally trained paraprofessionals.  *Bounds*, 430 U.S. at 830-31.  The right of access includes the ability to file a legally sufficient claim.  *Morrow v. Harwell*, 768 F.2d 619, 623 (5th Cir. 1985).  The filing of a legally cognizable complaint moots a right of access claim.  *Mann v. Smith*, 796 F.2d 79, 84 (5th Cir. 1986).

In his complaints, Gardner claimed he was denied access to the courts with regard to his medical care claims.  Clearly, however, the medical care claims were legally cognizable, and under *Mann* summary judgment on the denial of access claims is appropriate.

In his motion for reconsideration Gardner alleges he was denied access not only for his medical care claims but also for certain other legal matters, including a parole violation revocation hearing, a social security claim, and a misdemeanor charge of DWI-Second Offense. Gardner may have hinted at these other legal matters in his objections to the magistrate's report, where he stated:

> (10) Further The Petitioner Had Other Legal Interest (sic) In Which He Requested Access, And Had He Been Allowed That Access He Would Have Stated Those Interst (sic) As Well In His Original Complaint, And The Petitioner Would Note That In His Answer To The Defendants Motion For Summary Judgement He Did In Fact Make Mention Of That Fact On Page Eight (8) Section VIII By Stating That He Did Have Legal Interest In Action At The Time Of Request.

The district court did not abuse its discretion in refusing to consider the new facts alleged in Gardner's objections or postjudgment motion. *See Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.), *cert. denied*, 115 S.Ct. 220 (1994) (a plaintiff who clarifies his claims in his objections or a motion for reconsideration is not entitled to have those claims considered as amendments to his complaint). Courts are "bound by the allegations in the complaint, and are not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Id*.

Retaliation

Gardner argues in his postjudgment motion that he was retaliated against for exercising his right of access to the courts. The allegations of retaliation include being put in solitary confinement, being ridiculed and abused by guards and

7

inmates, and being denied medical care. Gardner's stay in solitary confinement lasted from June 1, 1994, until his transfer to another facility on July 6, 1994.

If Gardner raised his retaliation claim for the first time in his Rule 60(b) motion, as the jail officials argue, this court need not consider the issue on appeal, *see Hanchey*, 925 F.2d at 99; *Fehlhaber*, 681 F.2d at 1030, and the district court did not abuse its discretion in denying the motion on this ground.

It appears, however, that Gardner raised a retaliation claim in his supplemental complaint of June 7, 1993, in which he alleged that he was placed in solitary confinement the day after jail officials discovered he had filed the first of his civil rights suits.[1]

Nevertheless we cannot say that the district court abused its discretion in denying his postjudgment motion. Gardner made no mention of his retaliation claim in response to the defendants' motion for summary judgment or in his objections to the magistrate's report and recommendation. Nor has he made any

---

[1]Relevant portions of that complaint read as follows:
(3)  May 9 Dr Work asked that I be moved to a bottom bunk and taken off the floor. Nothing was done untill May 31. Just before jail standards came to inspect the new jail at that time I was placed in solitary confindment (we get to shower and use phone after 6 p.m. only) I was told this was the only bottom bunk in the jail. Also no TV or legal library.
(4)  All my legal [mail] is open before it gets to me. . . .
(6)  On May 14 I filed Civil Action No. 3.94cv25 because of medical treatment. [the first complaint] On May 24, 1994 Judge William Wayne Justice assigned to your [the magistrate's] court. On June 1 1994 this letter was returned to me opened this is the reason I was put in Lock down.

8

sworn statements, in his opposition to summary judgment or otherwise, creating a genuine issue of material fact regarding his retaliation claim. We cannot find an abuse of discretion in the district court's denial of Gardner's motion. *See Fehlhaber*, 681 F.2d at 1030 (failure to brief and argue an issue is grounds for finding that the issue has been abandoned).

**CONCLUSION**

Gardner's appeal is without merit. He did not receive deliberately indifferent medical care, he was not denied access to the courts, and the district court did not abuse its discretion in refusing to consider his retaliation claim and the new factual allegations contained in his Rule 60(b) motion. The judgment of the district court is affirmed.

AFFIRMED.